DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 15-10529-GAO

MAXIMILIAAN VAN OSSENBRUGGEN and
LU ANN MELANSON, individually and on
behalf of all others similarly situated,
Plaintiffs,

v.

COWAN SYSTEMS, LLC and
JOSEPH W. COWAN,
Defendants.

OPINION AND ORDER
March 28, 2016

O'TOOLE, D.J.

In this case, the plaintiffs, Maximiliaan Van Ossenbruggen and Lu Ann Melanson, are seeking recovery of wages allegedly due them and other similarly situated workers. The plaintiffs and the classes they seek to represent worked as drivers for the defendants, Cowan Systems, LLC and Joseph W. Cowan. Among other things, the plaintiffs allege that the defendants violated the Massachusetts Wage Act. See M.G.L. ch. 149 §§ 148, et seq.

This case was originally filed in Suffolk Superior Court and removed here. Both sides have moved to transfer the case. The plaintiffs seek transfer of this case to the Western Division of this district. The defendants seek transfer to the District of Maryland, Baltimore Division, pursuant to a contractual forum selection clause. For the reasons discussed below, the defendants' motion is granted.

**I.     Motion to Transfer to Western Division**

The plaintiffs request a transfer to the Western Division. They allege that they originally brought the case in Suffolk Superior Court because of its Business Litigation Session. Van

Ossenbruggen lives in the Western Division, and the plaintiffs argue that the case would have been filed in a county in that division but for the Business Litigation Session offered elsewhere. The other plaintiff, Melanson, lives in the Eastern Division. The plaintiffs agree that none of the mandatory assignment provisions of Local Rule 40.1(D)(1) apply, and argue that they should be able to choose the division in which their case is litigated.

The plaintiffs' request for transfer is denied. Cases are removed from state court "to . . . the district and *division* embracing the place where such action is pending." 28 U.S.C. § 1441(a) (emphasis added). The Eastern Division embraces Suffolk County. L.R. 40(C)(1). The plaintiffs' choice of venue was embodied in their original choice to file in Suffolk County. No good cause for transfer has been shown. See L.R. 40.1(F).

**II.     Motion to Transfer to the District of Maryland, Baltimore Division**

The plaintiffs individually signed contracts with Cowan Systems when they began work as drivers for the company. Those contracts contain a forum selection clause. They also contain a choice of law clause. The contracts appear to be identical form contracts, and no party argues that the provisions vary in any relevant way among the plaintiffs or the proposed classes. The relevant provisions read:

> **24. GOVERNING LAW AND CHOICE OF FORUM.** This Agreement shall be governed by the laws of the United States and of the State of Maryland, without regard to the choice-of-law rules of that State or any other jurisdiction. **THE PARTIES FURTHER AGREE THAT ANY CLAIM OR DISPUTE ARISING FROM OR IN CONNECTION WITH THIS AGREEMENT OR OTHERWISE WITH RESPECT TO THE OVERALL RELATIONSHIP BETWEEN THE PARTIES, WHETHER UNDER FEDERAL, STATE, LOCAL, OR FOREIGN LAW (INCLUDING BUT NOT LIMITED TO 49 C.F.R. PART 376), SHALL BE BROUGHT EXCLUSIVELY IN STATE OR FEDERAL COURTS SERVING Baltimore County, Maryland** [sic] **CARRIER AND CONTRACTOR HEREBY CONSENT TO THE JURISDICTION OF SUCH COURTS.**

(Mem. of P. & A. in Supp. of Defs.' Mot. to Transfer Venue, Ex. A, at ¶ 24 (dkt. nos. 25-1, 25-2) (emphasis in original).)[1]

The defendants seek to transfer this case to the District of Maryland, Baltimore Division under 28 U.S.C. § 1404(a). Their argument is relatively simple. Forum selection clauses should be honored unless "extraordinary circumstances unrelated to the convenience of the parties clearly disfavor a transfer." Atl. Marine Constr. Co. v. U.S. Dist. Court for the W. Dist. of Tex., 134 S. Ct. 568, 575 (2013). There being none here, the transfer should be allowed.[2]

The plaintiffs counter that Atlantic Marine presupposed a *valid* forum selection clause. See id. at 581 n.5. The plaintiffs' argument is as follows: The Wage Act is non-waivable and represents fundamental Massachusetts policy. Transferring this case pursuant to the forum selection clause would cause Maryland conflict of laws principles to apply in the Maryland district court. See id. at 582. Maryland conflict of laws principles, reading the choice of law clause, may apply the Maryland wage statute instead of the Massachusetts Wage Act. Thus, the forum selection clause is an invalid attempted waiver of rights under the Wage Act and therefore against public policy. See Claudio-De León v. Sistema Universitario Ana G. Méndez, 775 F.3d 41, 48–49 (1st Cir. 2014). According to the plaintiffs, it is the operation of the choice of law clause in tandem with the forum selection clause that waives the Wage Act.

The Massachusetts Supreme Judicial Court has said that forum selection clauses covering Wage Act claims are presumed to be enforceable and should be enforced. Melia v. Zenhire, Inc., 967 N.E.2d 580, 595 (Mass. 2012). "The opponent of a forum selection clause bears the

---

[1] The plaintiffs do not dispute the authenticity of this contract and reference it in their First Amended Complaint.

[2] The individual defendant, Joseph Cowan, is not a party to these contracts. However, "[f]or the convenience of parties and witnesses [and] in the interest of justice," the claims against him are likewise transferred in order to keep the case together. See 28 U.S.C. § 1404(a).

'substantial burden' of showing that enforcement of a forum selection clause would be unfair and unreasonable." Id. at 596 (quoting Cambridge Biotech Corp. v. Pasteur Sanofi Diagnostics, 740 N.E.2d 195, 203 (Mass. 2000)).

The plaintiffs make a fundamental error in their argument: they assume without support that the choice of law clause covers their Wage Act claims. The contract language suggests otherwise. While the forum selection clause covers "any claim or dispute arising from or in connection with this Agreement *or otherwise with respect to the overall relationship between the parties*," the choice of law clause states only that "*[t]his Agreement* shall be governed" by Maryland law. The Wage Act is a statutory right, not a contractual term. Maryland courts have not hesitated to limit choice of law clauses to their express language. See Tomran, Inc. v. Passano, 891 A.2d 336, 341–42 (Md. 2006) ("[T]he phrase 'hereunder and thereunder' limits the scope of the choice of law provision to the rights enumerated explicitly in the [relevant contracts] and matters of contract enforceability.").

Indeed, the Maryland Court of Appeals has recognized the distinction between a contractual claim—which here would likely be governed by the choice of law clause—and a claim under Maryland's wage statute:

> Although the cause of action assumes the existence of some sort of underlying contract, it does not sound *per se* in contract. A [Maryland wage statute] claim does not require necessarily analysis of the parties' underlying contract, nor does an action under the [statute] require that a breach of contract action be pursued contemporaneously. Instead, a [wage] action may be an independent, stand-alone claim.

Cunningham v. Feinberg, 107 A.3d 1194, 1203–04 (Md. 2015).

The issues raised by a choice of law clause with regard to the Wage Act were addressed by the Supreme Judicial Court in Melia. There, the court concluded that a contract clause choosing New York law was similarly inapplicable to the Wage Act and declined to consider it further in

the analysis of the forum selection clause. See Melia, 967 N.E.2d at 590.

That ends the inquiry here. The plaintiffs have assumed that a Maryland court, applying the choice of law clause in the contract, would choose Maryland's wage statute over the Wage Act as the controlling law for the plaintiff's claims. It appears otherwise. The plaintiffs have failed to carry their "substantial burden" that the other forum would violate fundamental public policy.[3] See Melia, 967 N.E.2d at 595 (citation omitted).

"The courts of the Commonwealth," and this Court, "must respect the ability of the courts of sister States to apply their choice-of-law rules fairly, to give effect to Massachusetts fundamental public policy, and, when appropriate, to adjudicate wage claims under Massachusetts law." Melia, 967 N.E.2d at 596.

## III.   Conclusion

The plaintiffs' Motion to Transfer Case to the Western Division of the District of Massachusetts if Not Remanded to State Court[4] (dkt. no. 22) is DENIED. The defendants' Motion to Transfer Venue (dkt. no. 24) is GRANTED. This action is TRANSFERRED to the District of Maryland, Baltimore Division, pursuant to 28 U.S.C. § 1404(a).

It is SO ORDERED.

/s/ George A. O'Toole, Jr.
United States District Judge

---

[3] The Melia court also made clear that jurisdictions that apply the *lex loci delicti* choice of law rule for tort cases—which Maryland does, see Erie Ins. Exch. v. Heffernan, 925 A.2d 636, 648–49 (Md. 2007)—and characterize Wage Act claims as a tort would presumptively choose Massachusetts law for appropriate Wage Act claims. See Melia, 967 N.E.2d at 595. The plaintiffs have not shown that some other choice of law principle would apply. Cf. Cunningham, 107 A.3d at 1203–06 (declining to apply contract choice of law principles to an "unpaid wages claim"). This is not a case where there is only a "mere possibility" that the Wage Act will be properly applied. See Melia, 967 N.E.2d at 590.

[4] The motion to remand was withdrawn based on evidence provided to the plaintiffs by the defendants (dkt. no. 30).